UNITED STATES *v.* RAMBUSH DECORATING CO., GENERAL SHIPPING & TRADING CO. (No. 5062)[1]

United States Court of Customs and Patent Appeals, June 2, 1961

*William H. Orrick, Jr.,* Assistant Attorney General, *Richard E. FitzGibbon,* Chief, Customs Section (*Alan S. Rosenthal* and *Robert E. Powell,* of counsel) for the United States.

*Barnes, Richardson & Colburn* (*Joseph Schwartz,* of counsel) for appellee.

[1] C.A.D. 776.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[2]

MARTIN, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, First Division, C.D. 2204, sustaining the importer's protest and holding the merchandise at bar, which was invoiced as a "Reredos," to be entitled to free entry as a part of an altar, under paragraph 1774 of the Tariff Act of 1930 as amended by the Act of June 12, 1952, 66 Stat. 137, which provides for such entry of:

Altars, pulpits, communion tables, baptismal fonts, shrines, or parts of any of the foregoing, and statuary (except casts of plaster of paris, or of compositions of paper or papier-mache), imported in good faith for the use of, either by order of or for presentation (without charge) to, any corporation or association organized and operated exclusively for religious purposes.

The merchandise had been assessed with duty at the rate of 25 per centum ad valorem under the provision in paragraph 232(d) of the same act as modified by T.D. 51802 for:

Marble, breccia, and onyx, wholly or partly manufactured into monuments, benches, vases, and other articles, and articles of which these substances or any of them is the component material of chief value, not specially provided for.

The imported reredos, and the surroundings in which it is installed are accurately described in the opinion of the Customs Court, as follows:

From an examination of the record and of illustrative exhibit 1, the reredos at bar appears to be a decorative, wall-like affair, made of marble, in the center of which there is a large mosaic panel depicting a religious scene.

The photograph shows that the complete installation consists of (1) what is known as a predella, or altar steps culminating in a raised platform, (2) what has been termed the "altar proper," (3) the reredos, and (4) a large rectangular canopy, called a baldachino, which is supported high over the already described portions of the assembly by two long columns in the front and in the back by brackets which are attached to the upper part of the reredos. Some parts of the installation were imported, while others were made domestically. The present case involves only the dutiable status of the reredos.

The altar proper is located approximately in the center of the predella and consists of a table-like structure resting on four columns or legs and what appears to be a block of light-colored marble in the center, together with a rectangular structure of dark, mottled marble immediately behind the table, and on which candlesticks, a tabernacle, and other altar appurtenances are shown in the photograph.

The reredos rests on the rear of the predella, 30 inches behind the altar proper. Between the altar proper and the reredos, there is a platform with steps going down either way, and, while the purpose of this platform was not explained

[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell,* pursuant to provisions of Section 294(d), Title 28, United States Code.

in the record, it is probable that it is used when the altar furnishings are being serviced or replaced.

Although the record is not very clear on the point, it does not appear that the reredos is attached to or forms any part of the rear wall of the sanctuary or of the cathedral. In other words, it appears to be resting on its own base at the rear part of the predella. Aside from its decorative function, it forms the rear support of the canopy or baldachino.

At the outset of the discussion of the issue before us here, it should be remembered that ▮▮ Congress exempted only certain items of church furniture from import duty, and it is incumbent upon us in endeavoring to carry out the will of Congress not to expand the exempted list beyond the clear intent of Congress. Therefore, the only question is whether the imported reredos is part of an altar within the intent of Congress.

Although it has been urged that when ecclesiastical words are involved, canonical law should be controlling, nothing has been brought to our attention which convinces us that we should ascertain the congressional meaning of such words differently than when confronted with purely secular words.

Funk & Wagnalls New Standard Dictionary of the English Language (1916) defines altars as:

altar. * * * n. 1. Any raised place or structure on which sacrifices may be offered or incense burned as an act of worship; also, by metonymy, the sacrifice itself; as, the *altar* of burnt offerings. Altars in the earliest forms were mere mounds or blocks or heaps of stone, but were later made of wood, metal, or stone, square, cylindrical, cushion-shaped, or oblong in form, more or less elevated, and frequently sculptured, inscribed, and otherwise ornamented.

\* \* \* \* \* \* \*

The same dictionary defines reredos:

reredos * * * n. 1. *Eccl. Arch.* An ornamental screen behind an altar. It is usually a detached screen, ornamented with sculptures and often with niches and statues, or with paintings and tapestry; but in some cases, as usually in Spanish churches (technically called *retable* or *retablo*), it is built against the east wall, and is of great size and elaboration, sometimes covering the entire end of the church or chancel; also, a choir-screen.

\* \* \* \* \* \* \*

Obviously an altar and a reredos are two distinct and separate items of church finishings, the one specifically exempt from duty by paragraph 1774, the other not. However, the importer contends that *in this instance* the reredos is part of the altar because the brackets which support the rear of the baldachin [3] are fastened to the reredos, and because a high altar, or "an altar that blesses sacrament," requires a baldachin. The fallacy of this reasoning is apparent. Certain equipment may be required to conduct various rituals in a church service under canonical law but that fact does not transform the various items

---

[3] It appears that "baldachin" and "baldachino" are synonymous.

into one article. In other words, even though the dogma of the Roman Catholic Church requires a canopy or baldachin over the mensa or altar table during certain ceremonies, this fact does not transform the whole assembly into an altar for tariff purposes. These distinctive items do not become parts of an altar for tariff purposes merely because in this instance they are designed to be dependent upon one another, i.e., the baldachin being supported by brackets which are attached to the reredos. See *Daprato Statuary Co.* v. *United States*, 26 CCPA 173, C.A.D. 13.

The Customs Court concluded:

> In the case at bar, the testimonial record as well as an examination of the photograph, illustrative exhibit 1, establishes that the entire assembly, including the predella, altar proper, reredos, and baldachino, was designed for and used as a unit as the high altar of a cathedral. In that unit, the reredos has a decorative function and also has a utilitarian function, the latter as the necessary rear support of the baldachino, shown to be required for the completion of a high altar.
>
> For these reasons, we conclude that the subject reredos is a part of an altar within the meaning of the term, as used in paragraph 1774 * * *.

We do not agree with that reasoning even though the reredos has the utilitarian function of supporting the baldachin. That factor no more makes the reredos a part of the altar in a tariff sense than a pipe organ would be if the designer had included it in such an assembly with the function of supporting the baldachin.

For these reasons we are of the opinion that the imported reredos is not a part of an altar within the purview of paragraph 1774 of the Tariff Act of 1930. Therefore the decision of the Customs Court is *reversed.*